RECEIVED
IN ALEXANDRIA, LA
AUG - 9 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CALVIN REDD (#317023) | CIVIL ACTION NO. 10-622; SEC.P |
| VERSUS | JUDGE DEE D. DRELL |
| ALISA HARVEY, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. §1983) filed in forma pauperis on April 12, 2010, by pro se plaintiff Calvin Redd. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections, and he is currently incarcerated at Winn Correctional Center in Winnfield, Louisiana. Plaintiff claims that he was sexually harassed by a female officer, and he names as defendants: Officer Alisa Harvey, Tommy Glover, Tim Wilkinson, and Mona Heyse.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### FACTS & BACKGROUND

Plaintiff alleges that he is schizophrenic and suffers from nightmares, wherein he dreams of "defendants doing horrible things" to him. [Doc. #4, p.4] He alleges that on December 1, 2009, while in route to his unit, Corrections Officer Alisa Harvey stopped him to conduct a "pat down" search. He alleges that Ms. Harvey roughly placed her hand on Plaintiff's "private part" and commented,

"Huge." Plaintiff asked her what she said, and she replied, "You heard me." Plaintiff states that Harvey previously did some other similar, but unspecified, act on November 3, 2009. One or both of the incidents were reported to Officer Tommy Glover.

Plaintiff complains that Glover and Wilkinson failed to take action against Harvey for her "sexual harassment" of Plaintiff.

Plaintiff filed a grievance about the alleged assault. He complains that Mona Heyse denied his grievance in an effort to cover up for Tommy Glover. He complains of Heyse's findings that Harvey performed a routine pat search per CCA and DOC regulations and at no time acted inappropriately.

Plaintiff explicitly states that he suffered no physical injury as a result of the pat down and provocative comment, but that he now experiences bad dreams and schizophrenia.

## Law and Analysis

1.  Ms. Harvey

Plaintiff complains of sexual assault and harassment by Ms. Harvey. Sexual abuse of a prisoner by prison officials may, under some circumstances, violate the prisoner's right to be free of cruel and unusual punishment under the Eighth Amendment. See Boddie v. Schnieder, 105 F.3d 857, 860-61 (2d Cir. 1997). A two-part test determines whether a prisoner has established a violation of the Eighth Amendment. See Harper v. Showers, 174 F.3d 716, 719-720 (5th Cir. 1999)(citations omitted). First, the sexual

abuse or assault must be **objectively sufficiently serious**; second, the prison officials involved must have acted with **deliberate indifference**, i.e., a sufficiently culpable state of mind. See Boddie, 105 F.3d at 861; Harper, 174 F.3d at 719-720; Copeland v. Nunan, 250 F.3d 743 (5th Cir. 2001). *Not every incident of sexual abuse will meet this test.* Only "severe or repetitive" sexual abuse rises to the level of an Eighth Amendment violation. See Boddie, 105 F.3d at 861. Additionally, "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Hudson, 503 U.S. at 9-10 (quoting Whitley v. Albers, 475 U.S. 312, 327 (1986)).

Moreover, 42 U.S.C. § 1997e bars prisoners from recovering monetary damages for mental or emotional injuries "unless there is a prior showing of physical injury." Crawford-el v. Britton, 523 U.S. 574, 596 (1998). The "physical injury" required by § 1997e(e) must be more than de minimis but need not be significant. Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999)(citing Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997)).

Plaintiff complains of the incident on December 1, 2009, and also alleges that a prior incident occurred on November 3, 2009. He fails to describe the nature of that prior incident. Still, Following the reasoning of both Boddie (inmate was allegedly

3

verbally harassed, fondled, and pressed against without his consent) and Copeland (inmate suffered unwanted touching), Plaintiff has failed to state an Eighth Amendment claim. He specifically states that he suffered *no physical injury*. He alleges that he has bad dreams, but that is a *de minimis* psychological injury. Plaintiff also claims that he is schizophrenic, but he does *not* allege that he was ever actually diagnosed with that condition. Even if he was, he does not claim that any medical professional related that condition to this alleged event.[1] There are simply no factual allegations that schizophrenia was caused by Ms. Harvey's actions or comment. To the extent that Plaintiff makes the bold assertion that he has schizophrenia caused by the actions of Ms. Harvey, his allegation is entirely conclusory.

Accepting Plaintiff's factual allegations as true, the "assault" is simply not severe enough to be objectively sufficiently serious or egregious to state a constitutional violation. While the incident, if true, may potentially be the basis of a **state tort action**, such conduct does "not involve a harm

---

[1] Schizophrenia is a severe, lifelong brain disorder. No one is sure what causes schizophrenia, but genetic makeup and brain chemistry probably play a role. www.medlineplus.gov According tot he national institute of mental health, several factors may contribute to schizophrenia, including: Genes, because the illness runs in families; * The environment, such as viruses and nutrition problems before birth; * Different brain structure and brain chemistry.
www.nimh.nih.gov/health/publications/schizophrenia

of federal constitutional proportions as defined by defined by the United States Supreme Court."

Simply put, Plaintiff has alleged an intentional tort rather than the kind of "severe and repetitive" abuse or wanton and sadistic infliction of pain that rises to the level of an Eighth Amendment violation.[2] Harvey's conduct was similar to the type of conduct that has been held insufficient to establish an Eighth Amendment violation.[3]

Plaintiff's allegations of any verbal sexual harassment or comments does not present an actionable claim under § 1983. Jane Doe 5 v. Haltom City, 106 Fed. Appx. 906 (5th Cir. 2004)(unpubl.), citing, e.g., Austin v. Terhune, 367 F.3d 1167, 1171-72 (9th Cir.

---

[2]*Cf. e.g.*, Schwenk v. Hartford, 204 F.3d 1187 (9th Cir. 1999) (repeated requests for oral sex and attempted rape of inmate by prison guard may establish Eighth Amendment claim); U.S. v. Walsh, 194 F.3d 37 (2d Cir. 1999)(officer who repeatedly steps on inmate's penis to wantonly inflict pain violates inmate's right to be free of cruel and unusual punishment); Berry v. Oswalt, 143 F.3d 1127 (8th Cir. 1998)(rape and harassment of inmate, including propositions, sexual comments, and attempts to perform nonroutine pat-downs violated inmate's Eighth Amendment right to be free from cruel and unusual punishment).

[3]See, Washington v. City of Shreveport, 2006 WL 1778756 *6 (W.D. La. June 26, 2006)(citing Berryhill v. Schriro, 137 F.3d 1073 (8th Cir. 1998)(touching of inmate's buttocks by prison employees, though inappropriate and sanctioned by prison, does not violate the Eighth Amendment); Buckely v. Dallas County, No. 397-CV-1649BC, 2000 WL 502845, *5 (N.D. Tex. April 27, 2000) (prison guards' fondling of inmate in an inappropriate manner while conducting a routine pat-down search and stopping when inmate did not become excited does not violate Eighth Amendment)).

2004); Bender v. Brumley, 1 F.3d 271, 274 n. 4 (5th Cir. 1993) ("Mere allegations of verbal abuse do not present actionable claims under §1983.").

2. Heyse, Wilkinson, Glover

Plaintiff complains that Mona Heyse, Warden Wilkinson, and Tommy Glover are liable for denying and/or failing to properly investigate his claims against Harvey. Plaintiff believes Ms. Heyse's investigation was not thorough and that Mr. Glover "did nothing." First, Plaintiff's allegations are conclusory. Second, an inmate does not have a constitutional right to any grievance procedure at all. He also has no liberty interest in having his complaints resolved to his satisfaction. See Geiger v. Jowers, 404 F.3d 371, 374-75 (5th Cir. 2005). In Geiger, an inmate alleged that officials failed to investigate his grievances regarding mail room and security staff stealing his property. Geiger, 404 F.3d at 373-74. The court held that regarding the inmate's claim for "violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous." Id. at 374. The court held that this was "a legally nonexistent interest" and that "any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." Id.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that

Plaintiff's claims be **DENIED and DISMISSED with prejudice for failing to state a claim for which relief can be granted and as frivolous** under 28 U.S.C. §1915(e)(2)(b).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this ____ day of August, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE